# EXHIBIT A

Bruce H. Nagel, Esq. - ID# 025931977
NAGEL RICE, LLP
103 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
(973) 618-0400
Attorneys for Plaintiffs

| | |
|---|---|
| MICHELLE ADAMS, on Behalf of Herself and All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ROBINS KAPLAN, LLP and TARA SUTTON, ESQ.,<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CAMDEN COUNTY<br>DOCKET NO.<br><br>Civil Action<br><br>CLASS ACTION COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, by their attorneys, Nagel Rice LLP, on behalf of herself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## INTRODUCTION

1. Plaintiffs bring this action for damages and all other relief available on behalf of herself and all similarly situated individuals who have retained the Defendants and been overcharged for legal fees and costs in violation of applicable Court Rules and Rules of Professional Conduct.

## PARTIES

2. Plaintiff, Michelle Adams is an individual residing in Dunlap, Illinois.

3. Defendant, Robins Kaplan, LLP is a law firm with offices in Minneapolis, Minnesota.

4. Defendant, Tara Sutton, Esq., is a partner in Robins Kaplan, LLP and had a leadership role in the Benicar MDL 2606 litigation which was venued in New Jersey.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendants because the defendant law firm had a leadership role in MDL 2606 involving the drug Benicar and regularly appeared in the New Jersey based MDL and had extensive and continuing contacts with the State of New Jersey. According to the Mazie Slater Katz & Freeman firm who was also part of leadership, all firms handling New Jersey based mass tort actions were obligated to use New Jersey contingent fee agreements. Defendants failed to do so and were in breach of the New Jersey contingent fee rules.

## FACTUAL BACKGROUND

6. Product liability lawsuits relating to the blood pressure medication Benicar were consolidated into a multidistrict litigation in federal court in New Jersey under MDL 2606 entitled In Re Benicar (Olmesartan) Products Liability Litigation.

7. The litigation settled on August 1, 2017, when Daiichi Sankyo agreed to pay up to $300 million to settle 2,300 cases in the United States. This amount was later increased.

8. Robins Kaplan, LLP was part of the leadership in the litigation being a lead in settlement negotiations and also being a member of the Common Benefit Committee ("CBC") which allocated

approximately $34 million in fees and costs. The court adopted the recommendation of the CBC and these monies were distributed to firms including Robins Kaplan, LLP.

9. On information and belief, Robins Kaplan, LLP never disclosed to their clients that their firm had or would receive substantial fees and costs for performing work on the liability aspect of the case, which work overlapped with work to be performed for each client and for which they received a full contingent fee under the individual retainer agreements. The receipt of common benefit fees and costs, plus the receipt of a full contingent fee violates the Minnesota contingent fee agreement, as well as the New Jersey contingent fee rules.

### CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action on behalf of herself, and all other persons similarly situated, pursuant to N.J. Court Rule 4:32-1(b)(3) and 4:32-1(b)(2). The class is defined as all individuals who retained Robins Kaplan, LLP to handle their Benicar claims.

11. The class is at least 40 members and is so numerous that joinder of all members is impractical. The aggregate damage claims for the class is less than $5,000,000.00.

12. There are questions of fact and law common to the members of the class, which predominate over any questions that affect

only individual members. The predominant questions include, but are not limited to:

(a) Whether defendants were paid attorney's fees from settlements for Plaintiffs and the class members which violated the New Jersey Contingent Fee Rule or alternatively the contingent fee agreement and applicable law of Minnesota;

(b) Whether defendant received excess and unlawful fees by receiving common benefit fees and costs and additionally full contingent fees under the retainer agreements; and

(c) Whether the contingent fees charged by the defendant was reasonable as set forth in R. 1:21-7(c)(5); 1:21-7(f) and R.P.C. 1.5, or alternatively under Minnesota contingent fee laws and practices.

13. Plaintiffs' claims are typical of the claims and defenses of all class members and are based on the same facts and legal theories.

14. Questions of law and fact common to the members of the class predominate over any individual questions.

15. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in class action litigation.

16. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## CLAIMS FOR RELIEF

### FIRST COUNT

17. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

18. Plaintiffs and other class members engaged the firm Robins Kaplan, LLP to handle claims involving the use of a drug known as Benicar.

19. Pursuant to the engagement defendants were bound by the fee provisions of the New Jersey Court Rules, including Rule 1:21-7, made applicable to litigation in the Federal Courts through Civil Local Rule 101.1, Civil Local Rule 103.1(a) and RPC 1.5.

20. Defendant did not abide by the New Jersey Contingent Fee Rules and instead charged their clients 40% contingency under Minnesota contingent fee rules.

21. Defendants breached the New Jersey Contingent Fee Rules by:

   a. Not seeking court approval for aggregate recoveries over $3 million;

   b. Charging 40% and not the contingent amounts set forth in the Rule;

   c. Receiving a substantial common benefit award for performing work that was covered by the contingent fee agreement, with no notice to the class and no reduction in the continent fee.

22. Alternatively, in the event the New Jersey contingent fee rules are not applicable, defendants breach its contingent fee agreements by charging an unreasonable fee by charging a full 40% contingent fee while also receiving millions in common benefit fee and cost awards.

23. After the case was settled through a global settlement, defendants were obligated to seek approval of any fees charged in excess of $3 million under the applicable New Jersey court rules. Defendants failed to seek court approval and instead charged each class member in total disregard for the requirement of the court rules.

24. Robins Kaplan, LLP never disclosed to their clients that the firm had or would receive substantial fees and costs for the same, or substantially same, work that they had performed for each client and for which they received a full fee under the individual retainer agreements.

25. Plaintiffs and the class members have been damaged as a result of Defendants' breach of New Jersey contingent fee agreements or alternatively breach of the Louisiana fee agreement.

SECOND COUNT

26. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

27. Defendants failed to apply the New Jersey Court Rules and took fees and costs in excess of the applicable contingent fee

rules. They further recovered millions in fees and costs from the common benefit fund in their leadership role and also charged a full contingent fee while already getting compensated for work performed which benefited their individual clients.

28. Defendants wrongfully received fees and costs and have wrongfully converted those fees and costs.

### THIRD COUNT

29. Plaintiffs repeat and re-allege the allegations set forth above as though set forth at length herein.

30. By charging a full contingent fee and also receiving common benefit monies, Robins Kaplan, LLP has retained a benefit to which it is not entitled.

31. Defendants have been unjustly enriched at Plaintiffs and the class members' expense.

WHEREFORE, plaintiffs and the class members demand judgment in his favor against Defendants as follows:

    A.    Certifying the class or subclasses;

    B.    For compensatory and punitive damages;

    C.    For interest and cost of suit; and

    D.    For such further relief as this court may deem just and equitable.

NAGEL RICE, LLP
Attorneys for Plaintiffs

Dated: December 3, 2025    By: *Bruce H. Nagel*
                                    BRUCE H. NAGEL

## JURY TRIAL DEMAND

Plaintiff demands a jury trial for all claims so triable.

## TRIAL COUNSEL DESIGNATION

Pursuant to R. 4:25-4, Bruce H. Nagel, Esq. is hereby designated as trial counsel on behalf of plaintiffs.

## REQUEST TO PRESERVE ELECTRONICALLY STORED INFORMATION

Please take notice that Plaintiffs during the course of this lawsuit will request from Defendants the discovery of electronically stored information (ESI). ESI may be present on home and business computers, cell phones, hard drives, floppy discs, DVDs and CDs, flash memory, voice mail systems, e-mail programs, PDAs, tablets, web pages, server backup tapes, etc. Defendant should not destroy any such materials which may be relevant to this case. Defendants should take steps to preserve all information related in any way to Plaintiffs and/or this lawsuit. Storage and retention policies for all systems should be reviewed, and any automatic purges, deletions or write-overs must be stopped until this litigation is concluded. Failure to ensure that all currently existing ESI is maintained and protected may subject the Defendants to sanctions and adverse inferences for spoliation of evidence. Counsel for the respective parties can discuss how ESI will be exchanged.

8

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge, the matter in controversy is related to pending action in the United States District Court for the District of New Jersey in the matter of <u>Johnson, et al. v. Mazie, Slater, Katz & Freeman, et al.</u>, Civil Action No.: 1:23-3420 and <u>Bernard, et al. v. Pendley, Baudin & Coffin, et al</u>, Docket No.: CAM-L-3994-25.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

NAGEL RICE, LLP<br>
Attorneys for Plaintiffs

Dated: December 3, 2025            By: *Bruce H. Nagel*
                                       BRUCE H. NAGEL

## CERTIFICATION OF COMPLIANCE WITH RULE 1-38-7(c)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

NAGEL RICE, LLP<br>
Attorneys for Plaintiffs

Dated: December 3, 2025            By: *Bruce H. Nagel*
                                       BRUCE H. NAGEL

9

CAM-L-004049-25   12/03/2025 9:54:19 AM   Pg 1 of 1   Trans ID: LCV20253335856

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-004049-25**

| | |
|---|---|
| Case Caption: ADAMS MICHELLE VS ROBINS KAPLAN, LLP | Case Type: OTHER Class Action overcharge of legal fees |
| Case Initiation Date: 12/03/2025 | Document Type: Complaint with Jury Demand |
| Attorney Name: BRUCE H NAGEL | Jury Demand: YES - 6 JURORS |
| Firm Name: NAGEL RICE LLP | Is this a professional malpractice case? NO |
| Address: 103 EISENHOWER PKWY ROSELAND NJ 07068 | Related cases pending: YES |
| Phone: 9736180400 | If yes, list docket numbers: CAM-L-3994-25 AND 1:23-3420 |
| Name of Party: PLAINTIFF : ADAMS, MICHELLE | Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO |
| Name of Defendant's Primary Insurance Company (if known): Unknown | Does this case involve claims related to COVID-19? NO |
| | Are sexual abuse claims alleged by: MICHELLE ADAMS? NO |

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Other(explain)   Attorney/Client

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO   Title 59? NO   Consumer Fraud? NO   Medical Debt Claim? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 12/03/2025 | /s/ BRUCE H NAGEL |
| Dated | Signed |